UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY

VERSUS

RICHARD BUSWELL, STEVEN FOUKE,
BOWMAN INVESTMENT GROUP, L.L.C.,
ANTONY LEE TURBEVILLE, DAVID
WILLIAM LOCY, DENISE JULIUS
ZUMBRUN, BROOKSTONE SECURITIES,
INC., EVELYN W. HANKS, STEPHEN
HANKS, HANKS PLUMBING, INC.,
JOSEPH YOUNG, GLENDA YOUNG,
STANTON BUJARD and MELISSA BUJARD,
JACK CORMIER, APRIL HENSGENS,
BRIAN HENSGENS, STEPHANI H.
JAMES, TIMMY JUDICE, ANDRE P.
NAQUIN AND PEGGY C. NAQUIN,
INDIVIDUALLY AND ON BEHALF OF
THEIR MINOR CHILD, MAURIE J.
NAQUIN, ANDREE L. NAQUIN,
NIKALISTE NAQUIN, JOHN K.
OLIVIER, SR., ROMONA B. OLIVIER,
EVA DELL PROVOST, JOHN PERRY
SCOTT, BRYNNE SCOTT, TROY TRAHAN,
MITCHELL NEIL BROUSSARD,
TIFFANY ROMERO BROUSSARD,
DAVID MYRON McCOY,
CHARLENE GOSSEN, and JEFF GOSSEN,
RICHARD K. ORGERON, CYNTHIA
ELWELL, ROBERT ELWELL, ARLEEN

CIVIL ACTION

NO.

SECTION

ORGERON, DAVID ORGERON,
KERRIE ORGERON, PHILLIP ORGERON,
STEPHEN ORGERON, MARC BROUSSARD,
SUCCESSION OF ALTON BUJARD, THROUGH
ITS SUCCESSION REPRESENTATIVE,
GOLDIE CESTAI, JAMES CLARK
FLOYD DOMINGUE, JEFF ELMORE,
HERBERT FOUKE, GERMAINE HOBACK,
HORBUS, INC., LYDIA KELLEY, DAVID
LeJEUNE, ROBBIE LEVYA,
SHEILA LEVYA, VERNA LINER,
MORGAN LYONA, JOE RAMEY,
DAVID RIGNAULT, KYLE RIGNAULT,
JOHN SERGI, NICHOLAS USLE,
CHANELLE OLIVIER, WOODBRIDGE
BUILDERS, ALBERT CHAUVIN,
DAVE DANUBIO, D. WAYNE ELMORE,
PERSONAL COMMUNICATION,
OWEN PROVOST, ROBERT RHYNE,
KEVIN BABINEAUX, JEFFREY W. DUNN,
JOSHUA ELLENDER, ARLINE LEDET,
DIONNE PARKER, STACEY YOUNG,
ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY, JOHN AND JANE DOES

## **COMPLAINT**

This is an action brought under, *inter alia,* Sections 1335, 1367, 1397 and 2361 of Title 28 of the United States Code.

1.

Plaintiff Endurance American Specialty Insurance Company ("Endurance") is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business in the State of New York. Endurance is the stakeholder with respect to interpleader aspects of this Complaint. Endurance is also a potential

claimant in that its Policy proceeds may remain even after satisfaction of amounts due and owing under the Policy.

2.

Defendant Brookstone Securities, Inc. ("Brookstone") is a corporation organized and existing under the laws of the State of Florida and having its principal place of business in the State of Florida. The citizenship of Brookstone is diverse from that of the stakeholder, Endurance. The citizenship of Brookstone is also diverse from that of at least one other adverse party.

3.

Bowman Investment Group, L.L.C. ("Bowman"), on information and belief, is a limited liability company organized and existing under the laws of the State of Louisiana with all of its members and its principal place of business being located in the State of Louisiana, within the Western District of Louisiana. The citizenship of Bowman is diverse from that of the stakeholder Endurance. The citizenship of Bowman is also diverse from the citizenship of other adverse claimants.

4.

Richard Buswell ("Buswell") is an adult domiciled in the State of Louisiana within the Western District of Louisiana. The citizenship of Buswell is diverse from that of the stakeholder, Endurance. The citizenship of Buswell is also diverse from the citizenship of at least one other adverse party.

5.

Steven Fouke ("Fouke") is an adult who is domiciled in the State of Louisiana within the Western District of Louisiana. The citizenship of Steven Fouke is diverse from that of the stakeholder, Endurance. The citizenship of Steven Fouke is also diverse from the citizenship of at least one other adverse party.

6.

Antony Lee Turbeville ("Turbeville") is an adult who is domiciled in the State of Florida. The citizenship of Turbeville is diverse from that of the stakeholder, Endurance. The citizenship of Turbeville is also diverse from the citizenship of at least one other adverse party.

7.

Defendant David William Locy ("Locy") is an adult who is domiciled in the State of Florida. The citizenship of Locy is diverse from that of the stakeholder, Endurance. The citizenship of Locy is also diverse from the citizenship of at least one other adverse party.

8.

Denise Julius Zumbrun ("Zumbrun") is an adult who is domiciled in the State of Florida. The citizenship of Zumbrun is diverse from that of the stakeholder, Endurance. The citizenship of Zumbrun is also diverse from the citizenship of at least one other adverse party.

9.

On information and belief, defendant David Myron McCoy ("McCoy") is an adult who is domiciled in the State of Louisiana within the Western District of Louisiana. The citizenship of McCoy is diverse  from that of the stakeholder, Endurance.  The citizenship of McCoy is also diverse from the citizenship of at least one other adverse party.

10.

Evelyn W. Hanks and Stephen Hanks are adults who are domiciled in the State of Louisiana within the Western District of Louisiana.  The citizenship of Evelyn and Stephen Hanks is diverse from that of the stakeholder, Endurance.  The citizenship of Evelyn and Stephen Hanks is also diverse from the citizenship of at least one other adverse party.

11.

Hanks Plumbing, Inc. is a corporation organized and existing under the laws of the State of Louisiana and domiciled in the State of Louisiana.  The citizenship of Hank's Plumbing, Inc. is diverse from that of the stakeholder, Endurance.  The citizenship of Hank's Plumbing, Inc. is also diverse from the citizenship of at least one other adverse party.

12.

Joseph Young and Glenda Young are adults who are domiciled in the State of Louisiana within the Western District of Louisiana.  The citizenship of Joseph Young

and Glenda Young is diverse from that of the stakeholder, Endurance.  The citizenship of Joseph and Glenda Young is also diverse from the citizenship of at least one other adverse party.

13.

Stanton Bujard and Melissa Bujard are adults who are domiciled in the State of Louisiana within the Western District of Louisiana.  The citizenship of Stanton and Melissa Bujard is diverse from that of the stakeholder, Endurance.  The citizenship of Stanton and Melissa Bujard is also diverse from the citizenship of at least one other adverse party.

14.

Jack Cormier ("Cormier") is an adult who is domiciled in the State of Louisiana within the Western District of Louisiana.  The citizenship of Cormier is diverse from that of the stakeholder, Endurance.  The citizenship of Cormier is also diverse from the citizenship of at least one other adverse party.

15.

April Hensgens is an adult who is domiciled in the State of Louisiana within the Western District of Louisiana.  The citizenship of April Hensgens is diverse from that of the stakeholder, Endurance.  The citizenship of April Hensgens is also diverse from the citizenship of at least one other adverse party.

16.

Brian Hensgens is an adult who is domiciled in the State of Louisiana within the Western District of Louisiana. The citizenship of Brian Hensgens is diverse from that of the stakeholder, Endurance. The citizenship of Brian Hensgens is also diverse from the citizenship of at least one other adverse party.

17.

Stephani H. James is an adult who is domiciled in the State of Louisiana within the Western District of Louisiana. The citizenship of Stephani James is diverse from that of the stakeholder, Endurance. The citizenship of Stephani James is also diverse from the citizenship of at least one other adverse party.

18.

Timmy Judice is an adult who is domiciled in the State of Louisiana within the Western District of Louisiana. The citizenship of Timmy Judice is diverse from that of the stakeholder, Endurance. The citizenship of Timmy Judice is also diverse from the citizenship of at least one other adverse party.

19.

Andre P. Naquin and Peggy C. Naquin are adults who are domiciled in the State of Louisiana within the Western District of Louisiana. The citizenship of Andre P. Naquin and Peggy C. Naquin is diverse from that of the stakeholder, Endurance. The citizenship of Andre P. Naquin and Peggy C. Naquin is also diverse from the citizenship of at least one other adverse party.

20.

Maurie J. Naquin is a minor child of Andre P. Naquin and Peggy C. Naquin. On information and belief, the parents, Andre P. Naquin and Peggy C. Naquin, are the proper parties to represent the minor child Maurie J. Naquin. Maurie J. Naquin is domiciled in the State of Louisiana within the Western District of Louisiana. The citizenship of Maurie J. Naquin is diverse from that of the stakeholder, Endurance. The citizenship of Maurie J. Naquin is also diverse from the citizenship of at least one other adverse party.

21.

Andree L. Naquin is an adult who is domiciled in the State of Louisiana within the Western District of Louisiana. The citizenship of Andree Naquin is diverse from that of the stakeholder, Endurance. The citizenship of Andree Naquin is also diverse from the citizenship of at least one other adverse party.

22.

Nikaliste Naquin is an adult who is domiciled in the State of Louisiana within the Western District of Louisiana. The citizenship of Nikaliste Naquin is diverse from that of the stakeholder, Endurance. The citizenship of Nikaliste Naquin is also diverse from the citizenship of at least one other adverse party.

23.

John K. Olivier, Sr. is an adult who is domiciled in the State of Louisiana within the Western District of Louisiana. The citizenship of John K. Olivier, Sr. is diverse from

that of the stakeholder, Endurance. The citizenship of John K. Olivier, Sr. is also diverse from the citizenship of at least one other adverse party.

24.

Romona B. Olivier is an adult who is domiciled in the State of Louisiana within the Western District of Louisiana. The citizenship of Romona B. Olivier is diverse from that of the stakeholder, Endurance. The citizenship of Romona B. Olivier is also diverse from the citizenship of at least one other adverse party.

25.

Eva Dell Provost is an adult who is domiciled in the State of Louisiana within the Western District of Louisiana. The citizenship of Eva Dell Provost is diverse from that of the stakeholder, Endurance. The citizenship of Eva Dell Provost is also diverse from the citizenship of at least one other adverse party.

26.

John Perry Scott is an adult who is domiciled in the State of Louisiana within the Western District of Louisiana. The citizenship of John Perry Scott is diverse from that of the stakeholder, Endurance. The citizenship of John Perry Scott is also diverse from the citizenship of at least one other adverse party.

27.

Brynne Scott is an adult who is domiciled in the State of Louisiana within the Western District of Louisiana. The citizenship of Brynne Scott is diverse from that of the

stakeholder, Endurance.   The citizenship of Brynne Scott is also diverse from the citizenship of at least one other adverse party.

28.

Richard K. Orgeron is an adult who is domiciled in the State of Louisiana within the Western District of Louisiana.  The citizenship of Richard K. Orgeron is diverse from that of the stakeholder, Endurance.   The citizenship of Richard K. Orgeron is also diverse from the citizenship of at least one other adverse party.

29.

Mitchell Neil Broussard and Tiffany Romero Broussard are adults who are domiciled in the State of Louisiana within the Western District of Louisiana.   The citizenship of Mitchell Neil Broussard and Tiffany Romero Broussard is diverse from that of the stakeholder, Endurance. The citizenship of Mitchell Neil Broussard and Tiffany Romero Broussard is also diverse from the citizenship of at least one other adverse party.

30.

Troy Trahan is an adult who is domiciled in the State of Louisiana within the Western District of Louisiana.  The citizenship of Troy Trahan is diverse from that of the stakeholder, Endurance.   The citizenship of Troy Trahan is also diverse from the citizenship of at least one other adverse party.

31.

Jeff Gossen and Charlene Gossen are individuals of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana. On information and belief, Jeff and Charlene Gossen are or were customers of Brookstone and/or certain of the other parties named in this Complaint who have not yet but may potentially in the future come to believe that they have claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron.  Jeff Gossen and Charlene Gossen are included in this Complaint  on information and belief, in an abundance of caution as the potential exists that they may claim an interest in the Policy which is described in this Complaint.

32.

Cynthia Elwell and Robert Elwell are individuals of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana.  On information and belief, Cynthia Elwell and Robert Elwell are or were customers of Brookstone and/or certain of the other parties named in this Complaint who have not yet but may potentially in the future come to believe that they have claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron.  Cynthia Elwell and Robert Elwell are included in this Complaint on information and belief, in an abundance of caution as the potential exists that they may claim an interest in the Policy which is described in this Complaint.

33.

Arleen Orgeron, David Orgeron, Kerrie Orgeron, Phillip Orgeron and Stephen Orgeron are individuals of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana. On information and belief, Arleen Orgeron, David Orgeron, Kerrie Orgeron, Phillip Orgeron and Stephen Orgeron are or were customers of Brookstone and/or certain of the other parties named in this Complaint who have not yet but may potentially in the future come to believe that they have claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Arleen Orgeron, David Orgeron, Kerrie Orgeron, Phillip Orgeron and Stephen Orgeron are included in this Complaint on information and belief, in an abundance of caution as the potential exists that they may claim an interest in the Policy which is described in this Complaint.

34.

Marc Broussard is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana. On information and belief, Marc Broussard is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Marc Broussard has not yet but may potentially in the future come to believe that he has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Marc Broussard is included in this Complaint on information and belief, in an abundance of

caution as the potential exists that he may claim an interest in the Policy which is described in this Complaint.

35.

The Succession of Alton Bujard is pending in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana. The Succession is made a party herein through its succession representative, Goldie Cestai. On information and belief, the decedent, Alton Bujard, is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. The Succession of Alton Bujard has not yet but may potentially in the future come to believe that it has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. The Succession of Alton Bujard is included in this Complaint on information and belief, in an abundance of caution as the potential exists that it may claim an interest in the Policy which is described in this Complaint.

36.

James Clark is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana. On information and belief, James Clark is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. James Clark has not yet but may potentially in the future come to believe that he has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. James Clark is included in this Complaint on information and belief, in an abundance of caution

as the potential exists that he may claim an interest in the Policy which is described in this Complaint.

37.

Floyd Domingue is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana.   On information and belief, Floyd Domingue is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Floyd Domingue has not yet but may potentially in the future come to believe that he has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Floyd Domingue is included in this Complaint on information and belief, in an abundance of caution as the potential exists that he may claim an interest in the Policy which is described in this Complaint.

38.

Jeff Elmore is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana.   On information and belief, Jeff Elmore is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Jeff Elmore has not yet but may potentially in the future come to believe that he has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Jeff Elmore is included in this Complaint on information and belief, in an abundance of caution as the

potential exists that he may claim an interest in the Policy which is described in this Complaint.

39.

Herbert Fouke is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana. On information and belief, Herbert Fouke is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Herbert Fouke has not yet but may potentially in the future come to believe that he has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Herbert Fouke is included in this Complaint on information and belief, in an abundance of caution as the potential exists that he may claim an interest in the Policy which is described in this Complaint.

40.

Germaine Hoback is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana. On information and belief, Germaine Hoback is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Germaine Hoback has not yet but may potentially in the future come to believe that he/she has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Germaine Hoback is included in this Complaint on information and belief, in an abundance of

caution as the potential exists that he/she may claim an interest in the Policy which is described in this Complaint.

41.

Horbus, Inc. is, on information and belief, a corporation organized and having its principal place of business inside the State of Louisiana within the Western District of Louisiana. On information and belief, Horbus, Inc. is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Horbus, Inc. has not yet but may potentially in the future come to believe that it has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Horbus, Inc. is included in this Complaint on information and belief, in an abundance of caution as the potential exists that it may claim an interest in the Policy which is described in this Complaint.

42.

Lydia Kelley is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana. On information and belief, Lydia Kelley is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Lydia Kelley has not yet but may potentially in the future come to believe that she has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Lydia Kelley is included in this Complaint on information and belief, in an abundance of caution as the

potential exists that she may claim an interest in the Policy which is described in this Complaint.

43.

David LeJeune is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana. On information and belief, David LeJeune is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. David LeJeune has not yet but may potentially in the future come to believe that he has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. David LeJeune is included in this Complaint on information and belief, in an abundance of caution as the potential exists that he may claim an interest in the Policy which is described in this Complaint.

44.

Robbie Levya and Sheila Levya are individuals of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana. On information and belief, Robbie Levya and Sheila Levya are or were customers of Brookstone and/or certain of the other parties named in this Complaint. Robbie Levya and Sheila Levya have not yet but may potentially in the future come to believe that they have claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Robbie Levya and Sheila Levya are included in this Complaint on information and belief, in an abundance of caution as the

potential exists that they may claim an interest in the Policy which is described in this Complaint.

45.

Verna Liner is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana. On information and belief, Verna Liner is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Verna Liner has not yet but may potentially in the future come to believe that she has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Verna Liner is included in this Complaint on information and belief, in an abundance of caution as the potential exists that she may claim an interest in the Policy which is described in this Complaint.

46.

Morgan Lyona is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana. On information and belief, Morgan Lyona is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Morgan Lyona has not yet but may potentially in the future come to believe that he/she has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Morgan Lyona is included in this Complaint on information and belief, in an abundance of

caution as the potential exists that he/she may claim an interest in the Policy which is described in this Complaint.

47.

Joe Ramey is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana. On information and belief, Joe Ramey is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Joe Ramey has not yet but may potentially in the future come to believe that he has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Joe Ramey is included in this Complaint on information and belief, in an abundance of caution as the potential exists that he may claim an interest in the Policy which is described in this Complaint.

48.

David Rignault and Kyle Rignault are individuals of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana. On information and belief, David Rignault and Kyle Rignault are or were customers of Brookstone and/or certain of the other parties named in this Complaint. David Rignault and Kyle Rignault have not yet but may potentially in the future come to believe that they have claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. David Rignault and Kyle Rignault are included in this Complaint on information and belief, in an abundance of caution as the

potential exists that they may claim an interest in the Policy which is described in this Complaint.

49.

John Sergi is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana.  On information and belief, John Sergi is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. John Sergi has not yet but may potentially in the future come to believe that he has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. John Sergi is included in this Complaint on information and belief, in an abundance of caution as the potential exists that he may claim an interest in the Policy which is described in this Complaint.

50.

Nicholas Usle is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana.  On information and belief, Nicholas Usle is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Nicholas Usle has not yet but may potentially in the future come to believe that he has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Nicholas Usle is included in this Complaint on information and belief, in an abundance of caution as the potential exists that he may claim an interest in the Policy which is described in this Complaint.

51.

Chanelle Olivier is, on information and belief, an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana.   On information and belief, Chanelle Olivier is or was a customer of Brookstone and/or certain of the other parties named in this Complaint.  Chanelle Olivier has not yet but may potentially in the future come to believe that she has claims similar to the Hanks Arbitration Claimants, the Cormier Arbitration Claimants, the Broussard Arbitration Claimants and/or Orgeron.  Chanelle Olivier is included in this Complaint on information and belief in an abundance of caution as the potential exists that she may claim an interest in the Policy which is described in this Complaint.

52.

Woodbridge Builders, L.L.C. is a limited liability company organized under the laws of and having its principal place of business in Louisiana within the Western District of Louisiana.  On information and belief, all members of Woodbridge Builders, LLC, are domiciled and/or incorporated in the State of Louisiana.  On information and belief, Woodbridge Builders, LLC, is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Woodbridge Builders has not yet but may potentially in the future come to believe that it has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Woodbridge Builders is included in this Complaint on

information and belief, in an abundance of caution as the potential exists that it may claim an interest in the Policy which is described in this Complaint.

53.

Albert Chauvin is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana. On information and belief, Albert Chauvin is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Albert Chauvin has not yet but may potentially in the future come to believe that he has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Albert Chauvin is included in this Complaint on information and belief, in an abundance of caution as the potential exists that he may claim an interest in the Policy which is described in this Complaint.

54.

Dave Danubio is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana. On information and belief, Dave Danubio is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Dave Danubio has not yet but may potentially in the future come to believe that he has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Dave Danubio is included in this Complaint on information and belief, in an abundance of

caution as the potential exists that he may claim an interest in the Policy which is described in this Complaint.

55.

D. Wayne Elmore is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana. On information and belief, D. Wayne Elmore is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. D. Wayne Elmore has not yet but may potentially in the future come to believe that he has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. D. Wayne Elmore is included in this Complaint on information and belief, in an abundance of caution as the potential exists that he may claim an interest in the Policy which is described in this Complaint.

56.

On information and belief, Personal Communication is a corporation incorporated and domiciled outside the State of Louisiana. On information and belief, Personal Communication is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Personal Communication has not yet but may potentially in the future come to believe that it has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Personal Communication is included in this Complaint on information and belief, in an

abundance of caution as the potential exists that it may claim an interest in the Policy which is described in this Complaint.

57.

Owen Provost is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana. On information and belief, Owen Provost is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Owen Provost has not yet but may potentially in the future come to believe that he has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Owen Provost is included in this Complaint on information and belief, in an abundance of caution as the potential exists that he may claim an interest in the Policy which is described in this Complaint.

58.

Robert Rhyne is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana. On information and belief, Robert Rhyne is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Robert Rhyne has not yet but may potentially in the future come to believe that he has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Robert Rhyne is included in this Complaint on information and belief, in an abundance of

caution as the potential exists that he may claim an interest in the Policy which is described in this Complaint.

59.

Kevin Babineaux is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana.   On information and belief, Kevin Babineaux is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Kevin Babineaux has not yet but may potentially in the future come to believe that he has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Kevin Babineaux is included in this Complaint on information and belief, in an abundance of caution as the potential exists that he may claim an interest in the Policy which is described in this Complaint.

60.

Jeffrey W. Dunn is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana.   On information and belief, Jeffrey W. Dunn is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Jeffrey W. Dunn has not yet but may potentially in the future come to believe that he has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Jeffrey W. Dunn is included in this Complaint on information and belief, in an abundance of caution

as the potential exists that he may claim an interest in the Policy which is described in this Complaint.

61.

Joshua Ellender is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana.  On information and belief, Joshua Ellender is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Joshua Ellender has not yet but may potentially in the future come to believe that he has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Joshua Ellender is included in this Complaint on information and belief, in an abundance of caution as the potential exists that he may claim an interest in the Policy which is described in this Complaint.

62.

Arline Ledet is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana.  On information and belief, Arline Ledet is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Arline Ledet has not yet but may potentially in the future come to believe that she has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Arline Ledet is included in this Complaint on information and belief, in an abundance of caution as the

potential exists that she may claim an interest in the Policy which is described in this Complaint.

63.

Dionne Parker is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana. On information and belief, Dionne Parker is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Dionne Parker has not yet but may potentially in the future come to believe that he/she has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Dionne Parker is included in this Complaint on information and belief, in an abundance of caution as the potential exists that he/she may claim an interest in the Policy which is described in this Complaint.

64.

Stacey Young is an individual of the age of majority domiciled in the State of Louisiana within the Western District of Louisiana. On information and belief, Stacey Young is or was a customer of Brookstone and/or certain of the other parties named in this Complaint. Stacey Young has not yet but may potentially in the future come to believe that she has claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron. Stacey Young is included in this Complaint on information and belief, in an abundance of

caution as the potential exists that she may claim an interest in the Policy which is described in this Complaint.

65.

John and Jane Does one through 99 on information and belief are individuals of the age of majority who, on information and belief are domiciled in the State of Louisiana within the Western District of Louisiana who have not yet but  may potentially in the future come to believe that they have claims similar to The Hanks Arbitration Claimants, The Cormier Arbitration Claimants, The Broussard Arbitration Claimants, and/or Orgeron.  John and Jane Does are included in this Complaint  on information and belief, in an abundance of caution.

66.

This Court has jurisdiction of this cause and venue is proper in this district.

67.

The amount in controversy in this matter constitutes money or property of the value of $500 or more for purposes of 28 U.S.C. § 1335.  Additionally, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, for purposes of 28 U.S.C. § 1332.

68.

The citizenship of Endurance, the stakeholder in this matter, is diverse from that of the claimants and potential claimants other than Endurance.

69.

The citizenship of two or more of the adverse parties in this matter is diverse.

70.

Effective June 22, 2008, Endurance issued Policy PPL10000499000 to Named Insured Brookstone Securities, Inc. (the "Policy"). A true and correct copy of the Policy is attached as Exhibit "A," and incorporated by reference. The Policy provides that Endurance will pay certain Damages and Claim Expenses on behalf of the Insured as set out in the Policy. The Policy contains limits of liability as follows:

(A)    Each Claim: $1,000,000

(B)    Policy Period Aggregate: $2,000,000.

71.

On or about April 17, 2009, Evelyn W. Hanks, Stephen Hanks and Hanks Plumbing, Inc. ("the Original Claimants"), convened an arbitration proceeding naming as Respondents Brookstone Securities, Inc., Richard Buswell, Steve Fouke, Bowman Investment Group, L.L.C., Antony Lee Turbeville, David William Locy, and Denise Julius Zumbrun. (These parties are sometimes collectively referred to as the "Hanks Arbitration Respondents.") The arbitration proceeding was brought before FINRA under Case No. 09-02199 ("the Hanks Arbitration"). The Original Claimants claimed that the Respondents committed certain allegedly wrongful acts in connection with the sale of securities.

72.

On or about August 24, 2009, a Memorandum in Support of Motion to Amend Statement of Claim was submitted in the Hanks Arbitration. Through that Memorandum, the Original Claimants moved to add additional Claimants Joseph Young, Glenda Young, Stanton Bujard and Melissa Bujard and to add Endurance as a Respondent in the Hanks  Arbitration.  (The Original Claimants and those that the Motion to Amend requested to add are sometimes hereinafter referred to as the "Hanks Arbitration Claimants.")

73.

The Hanks Arbitration Claimants asserted that conduct of the originally-named Respondents is allegedly covered by the Policy.

74.

Endurance objected to the Motion to Amend.  Endurance opposed the Motion to add Endurance to the Hanks Arbitration because Endurance is not a Broker-Dealer and not a signatory to FINRA, and therefore, FINRA has no jurisdiction over Endurance. The Motion to Amend to add Endurance as a party to Arbitration No. 09-02199 was thereafter denied.   The Motion to add additional claimants Joseph Young, Glenda Young, Stanton Bujard and Melissa Bujard was granted.

75.

On or about September 21, 2009, Jack Cormier, April Hensgens, Brian Hensgens, Stephani H. James, Timmy Judice, Andre P. Naquin and Peggy C. Naquin,

individually and on behalf of their minor child, Maurie J. Naquin, Andree Naquin, Nikaliste Naquin, John K. Olivier, Sr., Romona B. Olivier, Eva Dell Provost, John Perry Scott, Brynne Scott and Troy Trahan (the "Cormier Arbitration Claimants") convened an arbitration naming as Respondents Richard Buswell, Steve Fouke, Bowman Investment Group, LLC, Antony Lee Turbeville, David William Locy, Denise Julius Zumbrun and Brookstone Securities, Inc. (the "Cormier Arbitration"). Allegations made in the Cormier Arbitration are nearly identical to those made in the Hanks Arbitration and the claim of the Cormier Arbitration Claimants alleges, is based upon, and/or arises out of or is attributable to the same or related alleged Wrongful Acts as the claim of the Hanks Arbitration Claimants.

76.

The Cormier Arbitration Claimants additionally named Endurance American Specialty Insurance Company. Endurance objected to being named in the FINRA arbitration proceeding and filed a motion to dismiss on jurisdictional grounds similar to the one filed in the Hanks Arbitration Proceeding in that FINRA has no jurisdiction over Endurance.

77.

On September 4, 2009, Mitchell Neil Broussard and Tiffany Romero Broussard commenced a FINRA arbitration against Brookstone, Antony Turbeville, and David Myron McCoy (the "Broussard Arbitration Claimants"). The Broussard Arbitration contains allegations similar to those in the Hanks and Cormier Arbitrations and the claim

of the Broussard Arbitration Claimants is based upon and/or arises out of or is attributable to the same or related alleged Wrongful Acts as the claim of the Hanks Arbitration Claimants and the Cormier Arbitration Claimants.  The Broussard Arbitration does not name Endurance as a party.

78.

On or about October 5, 2009, Richard K. Orgeron ("Orgeron") served a written demand for refund on Brookstone and Antony Turbeville.  Orgeron's written demand makes allegations similar to those of the Hanks, Cormier and Broussard Arbitration Claimants and the claim of Orgeron alleges, is based upon, and/or arises out of or is attributable to the same or related alleged Wrongful Acts as the claim of the Hanks Arbitration Claimants, the Cormier Arbitration Claimants, and the Broussard Arbitration Claimants.

79.

On approximately October 28, 2009, the Hanks Arbitration Claimants filed suit in the Fifteenth Judicial District Court for the Parish of Lafayette against Buswell and Endurance (the "Hanks Litigation").  The Hanks Litigation contains allegations similar to allegations in the Hanks Arbitration and the claim of the Plaintiffs in the Hanks Litigation alleges, is based upon, and/or arises out of or is attributable to the same or related alleged Wrongful Acts as the claim of the Hanks Arbitration Claimants, the Cormier Arbitration Claimants, the Broussard Arbitration Claimants, and Orgeron.

80.

The Hanks Arbitration Claimants, the Cormier Arbitration Claimants and plaintiffs in the Hanks Litigation contend that Buswell, Fouke, Turbeville, Locy and Zumbrun are or were Registered Representatives of Brookstone. The Broussard Arbitration Claimants claim that Turbeville and McCoy were Registered Representatives of Brookstone. The Hanks Arbitration Claimants, the Cormier Arbitration Claimants, plaintiffs in the Hanks Litigation, and the Broussard Arbitration Claimants further contend that certain of the Arbitration Respondents did business under the name Bowman Investment Group, LLC. ("Bowman").

81.

The Hanks, Cormier and Broussard Arbitration Claimants and the plaintiffs in the Hanks Litigation allege that Respondents named in the respective Arbitration proceedings and the lawsuit committed certain allegedly wrongful acts as a result of which those Respondents are purportedly liable to the Claimants.  Orgeron similarly alleges wrongful acts in the nature of misrepresentations.  The Hanks Arbitration, the Cormier Arbitration, the Broussard Arbitration, the Hanks Litigation, and the Orgeron written demand allege the same or related wrongful acts. The wrongful acts alleged are more fully described in the Hanks Arbitration Complaint attached as Exhibit "B," the Hanks Litigation Petition attached as Exhibit "C," the Cormier Arbitration Complaint attached as Exhibit "D," the Broussard Arbitration Complaint attached as Exhibit "E," and the Orgeron Demand Letter attached as Exhibit "F."

82.

On information and belief, neither Charlene Gossen nor Jeff Gossen, Marc Broussard, Succession of Alton Bujard, James Clark, Floyd Domingue, Jeff Elmore, Cynthia Elwell, Robert Elwell, Herbert Fouke, Germaine Hoback, Horbus, Inc., Lydia Kelley, David LeJeune, Robbie Levya, Sheila Levya, Verna Liner, Morgan Lyona, Arleen Orgeron, David Orgeron, Kerrie Orgeron, Phillip Orgeron, Stephen Orgeron, Joe Ramey, David Rignault, Kyle Rignault, John Sergi, Nicholas Usle, Woodbridge Builders, Albert Chauvin, Dave Danubio, D. Wayne Elmore, Personal Communication, Owen Provost, Robert Rhyne, Kevin Babineaux, Jeffrey W. Dunn, Joshua Ellender, Arline Ledet, Dionne Parker, nor  Stacey Young have filed suit or arbitration against or issued a written demand to any of the Arbitration Respondents.  Nevertheless, in the interest of fairness and completeness, they are added as interpleader parties for, on information and belief, they had investments with some or all of the Arbitration Respondents.  They should, therefore, be interpleaded to permit them to raise any interest they may have in the Policy.

83.

The Policy lists Brookstone Securities, Inc. as the Named Insured.  (Policy Declarations at Item 2.)  The Policy provides that "Insured" means the Broker/Dealer, Individual Insureds and Registered Representatives."  (Policy at II, O.)  The Policy provides that "Individual Insured" means any past, present or future partner, member, director, officer, or employee of the Broker/Dealer who is not a Registered

-34-

Representative."  Policy at II, N.  The Policy provides that "Registered Representative"

means:

> (1) any individual who is licensed as a registered
> representative or registered principal by the National
> Association of Securities Dealers, Inc. and who is an
> independent contractor with, or is employed by, the
> **Broker/Dealer** during the **Policy Period.**
>
> (2) the heirs, executors, administrators, or legal
> representatives of any individual described in (1) above, in
> the event of death, incapacity or bankruptcy of the individual;
>
> (3) any entity owned in its entirety by one or more
> individual(s) described in (1) above; and
>
> (4) employees of any individual described in (1) above or of
> any entity described in (3) above; provided, that an individual
> or entity will be deemed a **Registered Representative** only
> with respect to his, her or its rendering of **Professional
> Services** on behalf of the **Broker/Dealer.**

Policy at II. DD.

84.

The Arbitration Respondents are defending the Arbitrations and deny the

allegations of wrongdoing raised by the Arbitration Claimants.

85.

Under certain circumstances, the Policy grants Endurance the right and duty to

defend.  The Policy provides that Claim Expenses generated in connection with such

defense are subject to the Limits of Liability of the Policy.  The Policy provides:

**I.     INSURING AGREEMENTS**

A.     The **Company** shall pay **Damages** and **Claim
       Expenses** on behalf of the **Insured** resulting from any

> **Claim** first made against the **Insured** and reported to the **Company** in writing during the **Policy Period** or any applicable Extended Reporting Period for any **Wrongful Act** committed on or after the **Retroactive Date** and before the Policy terminates.
>
> B.   **Defense.**   As part of and subject to the Limits of Liability, the **Company** shall have the right and duty to defend, any **Claim** against the **Insured**, to which this Policy applies, even if any of the allegations of the **Claim** are groundless, false, or fraudulent.. . .

Policy at I Insuring Agreements.

86.

The Policy further provides that Endurance has no duty to defend and may withdraw from the defense of any claim after the applicable Limits of Liability are exhausted by Damages and/or Claim Expenses.   The Policy provides that . . . "The Company shall have no duty to defend any **Claim**, and may withdraw from the defense of any **Claim**, after the applicable Limits of Liability have been exhausted by **Damages** and/or **Claim Expenses.**" Policy at I, Insuring Agreements.

87.

Respondents in the Hanks, Cormier, and Broussard Arbitrations (other than Endurance) have sought and continue to seek costs of defense from proceeds of the Policy.   Similarly, Brookstone and Turbeville have tendered to Endurance defense of the written demand of Orgeron.   The parties named as defendants in the Hanks Litigation (other than Endurance) contend that Endurance has a duty to defend them and to pay on their behalf certain Claim Expenses.

-36-

88.

Endurance has appointed defense counsel and planned to advance, under a reservation of rights, reasonable and necessary costs of defense in excess of the **Self-Insured Retention**, once it had been fully satisfied, with respect to covered Claim Expenses but not with respect to fees or expenses as to which there is no duty to defend.  With the filing of this Complaint, however, Endurance plans to place within the control of the court the applicable Limit of Liability of the Policy. The right and duty to defend of Endurance as well as all covered Claim Expenses are part of and subject to the Limit of Liability of the Policy.

89.

As of the filing of this Complaint, Endurance has not yet paid any Claim Expenses as the Policy's full Self-Insured Retention amount has not been paid by or on behalf of the Insured. Therefore, the Limit of Liability of the Policy remains $1 million.

90.

As covered Claim Expenses are generated and paid, the Limit of Liability of the Policy erodes.

91.

Under certain circumstances, the Policy requires Endurance to pay for Damages on behalf of the Insured.  See the Policy at I A-B, page 1 of 17.

92.

The Arbitration Claimants seek to impose liability on the respective Arbitration Respondents for alleged sales of unsuitable securities, alleged breach of contract, alleged breach of fiduciary duty, alleged breach of Blue Sky laws, alleged torts, and other alleged violations. The Arbitration Claimants contend that their alleged damages are covered by the Policy.  The plaintiffs in the Hanks Litigation make similar allegations.  Orgeron, through his demand letter, seeks to impose a similar liability on Brookstone and Turbeville. The Arbitration Claimants, the Hanks Litigation Plaintiffs, and Orgeron allege the same or related wrongful acts.

93.

Certain of the Arbitration Claimants allege that their purported damages exceed the Limit of Liability of the Policy.  For instance, in their August 24, 2009 Motion to Amend, the Hanks Arbitration Claimants state, "Brookstone President Turbeville has publicly announced that there is likely $5 million to $10 million in outstanding claims against Brookstone resulting from the Bowman Group's activities."  (Page 4).  The Motion to Amend further states that "[i]ncluding the instant Claimants, undersigned counsel are currently representing individuals with in excess of $2 million in claims." *Id.*

94.

Endurance has reserved rights under the Policy and applicable law as the Policy may not provide coverage for the claim in whole or in part.  To the extent proceeds of the Policy remain and are not exhausted by the claim of the Arbitration Claimants, the

Arbitration Respondents, the Hanks Litigation plaintiffs, Hanks Litigation defendant

Buswell, or Orgeron, Endurance is entitled to recover the remaining balance of the

Policy.   Additionally, it   may ultimately be determined that Policy proceeds are not

payable due to the Policy's coverage provisions and/or numerous Exclusions raised in

this matter. To that extent, Endurance is entitled to refund or return of all or part of the

interpleaded property.

95.

**Limit of Liability**

The Limit of Liability of the Policy is $1,000,000 in this instance based on Item

4(A) of the Policy Declarations and Section V Limits of Liability.  In this regard, Section

V.E "Multiple Insureds, Claims and Claimants" applies.   That Section provides as

follows:

> E.   **Multiple Insureds, Claims and Claimants.**   The inclusion herein of more than one **Insured**  shall not operate to increase the **Company's** Limits of Liability. **Claims**  alleging,  based  upon,  arising  out  or attributable to the same or related **Wrongful Act(s)** shall  be  treated  as  a  single  **Claim** regardless  of whether  made  against  one  or  more  than  one **Insured**. All such **Claims,** whenever made, shall be considered first made during the **Policy Period,** the Automatic  Extended  Reporting  Period,  or  Optional Extended Reporting Period, if purchased, in which the earliest  **Claim**  arising  out  of  such  **Wrongful Act(s)** was first made, and all such **Claims** shall be subject to the Limits of Liability and retention set forth in such Policy.

Policy at V, Limits of Liability.

Based on this provision, the involvement of multiple Insureds and/or multiple Claimants does not increase the Limit of Liability of the Policy beyond the $1,000,000 listed in Item 4.A of the Policy declarations.

96.

Subject to its Limits of Liability and other terms and provisions, the Policy provides that under specified circumstances, Endurance shall pay on behalf of the Insured certain Damages and Claim Expenses.  Damages and Claim Expenses are part of and subject to the Policy's Limits of Liability.  Accordingly, Claim Expenses are within and subject to the Policy's Limit of Liability and the Limit of Liability of the Policy is determined by the above-quoted provisions.  Endurance affirmatively alleges all of the above-quoted provisions.

97.

**_Coverage Provisions Relating To The Definition Of "Damages"_**

Plaintiffs have alleged that they are entitled to disgorgement of allegedly  ill-gotten revenues.  They further request that certain other amounts be returned to them and request attorneys' fees and costs.    Endurance affirmatively pleads all of the Policy's provisions relating to recoverable amounts and the definition of damages as those provisions may be affected by endorsement. The Policy provides that under certain circumstances, the company shall pay damages on behalf of the Insured.  The Policy defines Damages as follows:

-40-

L.   **"Damages"** means any compensatory sum and includes:

1.   monetary judgments or settlements;

2.   punitive or exemplary damages to the extent such damages are insurable under the law most favorable to the insurability of such damages of any jurisdiction which has a substantial relationship to the **Insured**, the **Company**, this Policy or the **Claim**;

3.   pre-judgment and post-judgment interest.

The Policy further provides that certain items are not damages as follows:

**"Damages"** shall not include:

1.   taxes, fines or statutory penalties, sanctions, whether imposed by law or otherwise (except as provided above with respect to punitive or exemplary damages);

2.   the return, reduction, or restitution of fees, expenses or costs for **Professional Services** performed or to be performed by the **Insured**, or disgorgement by any **Insured;**

3.   matters uninsurable under the law pursuant to which this Policy is construed;

4.   the cost of correcting, re-printing or re-performing or completing **Professional Services** or **Media Material**, including any media or products containing such **Media Material;**

5.   future profits, future royalties, costs of licensing, or other costs of obtaining future use; or the costs to comply with orders granting injunctive relief or non-monetary relief, including specific performance, or any agreement to provide such relief.

-41-

Policy at II Definitions.

Section II.Z of the Policy and its Securities Broker/Dealer Approved Activity Extension Endorsement relate to the definition of Professional Services. To the extent Claimants seek or obtain relief, including but not limited to "disgorgement" or other relief not within coverage provisions of the Policy, those amounts are not covered by the Policy.

98.

### Services As Clearing Agent, Specialist, Or Market Maker

The Policy provides as follows:

> III.    Exclusions
>
> The Policy shall not apply:
>
> P.    to any **Claim** based on or directly or indirectly arising out of or resulting from any **Insured** acting or serving as a clearing agent, specialist or market maker for any securities or failing to clear or make a market for any securities;

If the Insured's conduct falls within Exclusion "P," the resulting Damages and Claim Expenses are excluded. Endurance affirmatively alleges Exclusion "P."

99.

### Exclusion S – Equity Security Priced Under Five Dollars

The Policy's General Change Endorsement Amendments For Brookstone Securities provides:

> It is further understood and agreed that Section III.S shall be deleted and replaced with the following:

-42-

S.  To any Claim based on or directly or indirectly arising out of or resulting from any transaction involving any of the following commodities; any commodities futures contract; or any equity security priced under five dollars ($5.00) at the time of any transaction , unless the security is (i) traded on a national securities exchange, (ii) NASDAQ approved or authorized ;or (iii) part of a mutual fund....

If the Insured's conduct falls within Exclusion "S,"  the resulting Damages and Claim Expenses are excluded. Endurance affirmatively alleges Exclusion "S."

100.

### Undisclosed Compensation

Several of the contentions of the Hanks, Cormier, and/or Broussard Arbitration Claimants involve the purported payment of alleged undisclosed amounts to persons including Buswell.  The Policy's Undisclosed Compensation Exclusion Endorsement C Version 11/06 provides:

In consideration of the premium charged, it is hereby understood and agreed that this Policy does not apply to any **Claim** alleging, based upon, arising out of, or attributable to any actual or alleged undisclosed compensation or benefit paid or extended to any **Insured** or any **Related Party** or to any other party as a result of, as a consequence of, or in furtherance of, **Professional Services** provided by any **Insured.**

For the purposes of this exclusion, the term **"Related Party"** shall mean any Entity:

(i) which is owned by, operated by or controlled by any **Insured**; or
(ii) which owns, operates or controls any **Insured**; or
(iii) in which any **Insured** is a director, officer, partner or principal stockholder; or
(iv) under common ownership or control with any **Insured**.

All other terms and conditions remain unchanged.

-43-

In the event plaintiffs' claim is within the provisions of this Endorsement it is not covered by the Policy.

101.

### Fraudulent Act or Omission Etc.

Exclusion "A" of the Policy provides that the Policy shall not apply:

> A. to any **Claim** based upon, arising from, or in consequence of any fraudulent act or omission or any willful violation of any statute, rule or law by any **Insured**, if a final and non-appealable judgment or adjudication adverse to such **Insured** establishes such a fraudulent act or omission or willful violation;

Policy at III. Exclusions.

Damages or Claim Expenses based upon, arising from or in consequence of fraud or violations described in Exclusion "A" are excluded from coverage under the Policy. Endurance affirmatively pleads Exclusion "A."

102.

### Exclusion B – Bodily Injury

The plaintiffs claim that they were caused  severe mental anguish and anxiety. The Policy covers certain damages for mental anguish and excludes others.  The Policy defines "Bodily Injury" as follows:

> D. **"Bodily Injury"** means physical injury, sickness, disease or death of any person, and includes emotional distress or mental anguish whether or not accompanied by physical injury, sickness or disease.

Policy at II. Definitions.

-44-

With respect to Bodily Injury, exclusions of the Policy provide:

> III.   Exclusions
>
> This Policy shall not apply:
>
> B.      to any **Claim** for:
>
> (1)   **Bodily Injury**; provided, that this Exclusion will not apply to allegations of emotional distress or mental anguish if and only to the extent that they arise solely from an **Insured's** rendering of or failure to render **Professional Services**; or
>
> (2)   **Property Damage**; . . . ;

Policy at II. Exclusions.

Section II.Z of The Policy and the Policy's Securities Broker/Dealer Approved Activity Extension Endorsement relate to the definition of Professional Services. Endurance affirmatively alleges the provisions of the Policy relating to "Bodily Injury."

103.

***Exclusions K – Claims    Brought By Governmental, Quasi-Governmental, Regulatory, or Self Regulatory Entities Etc.***

Exclusion "K" of the Policy provides that the Policy shall not apply:

> K.   To any **Claim** brought by, or on behalf of, or in the name or right of any governmental, quasi-governmental, regulatory, or self-regulatory entity, whether directly or indirectly, in any capacity other than its capacity as a direct client of an **Insured**.

Policy at III, Exclusions.

Matters brought by or on behalf of or in the name or right of entities listed in Exclusion "K" are not covered by the Policy.

104.

The Policy only provides certain coverage relating to Damages resulting from alleged Wrongful Acts of the Insured.  Defenses or laws which exculpate the Insured therefore may place any alleged damages outside the coverage of the Policy. Endurance accordingly incorporates by reference herein as if copied in this pleading, defenses applicable to any Insured.  Endurance affirmatively pleads those defenses of the Insured.  Endurance specifies certain of those defenses which have already been raised by the Insured in this pleading but does not limit its affirmative defenses to those defenses.

105.

Any losses suffered by Claimants are the result of market losses and they are not entitled to recovery thereof from the Insureds or Endurance. The Claimants' losses are a result of unforeseen price fluctuations in the securities markets (and the economy in general) in which the Claimants willingly participated.

106.

Claimants failed to use due diligence with respect to the transactions and acts complained of and, accordingly, are barred from asserting or recovering for any such transactions or acts.

107.

The alleged losses of Claimants were proximately caused by their own conduct or negligence in relation to the transactions complained of, and, therefore, Claimants are precluded from recovery herein.

108.

Claimants are not entitled to attorneys' fees.

109.

Assuming that Claimants suffered damages, which is denied, such damages were caused or contributed to by persons, conditions, or events beyond the control of Insureds, and they are not liable therefore.

110.

Claimants had full, complete, and contemporaneous knowledge of the acts complained of. Therefore, Claimants are estopped and have waived any cause of action they may have had in this regard.

111.

Claimants authorized and directed the execution of all transactions in their securities accounts.

112.

The Insureds, in discharging their duties, if any, to Claimants, acted in good faith and exercised at least that degree of care, diligence and skill which an ordinarily prudent person would exercise in similar circumstances and like position.

113.

Notwithstanding that the Claimants authorized the trades, and there is no regulatory violation, even were they to argue (without merit) that they disavow prior authorization, their conduct belies same and is deemed to evidence ratification. In situations where an investor received confirmation slips and monthly account statements, which reflect trades not previously authorized by the investor, but no objection is raised in a timely fashion, the courts have held that the trades have been ratified and no liability lies with the broker-dealer. Numerous courts have held that a customer ratified a trade by failing to object to the trade within a reasonable time, by continuing to deal with the broker or by failing to sell the security and mitigate their losses. An investor is not permitted to play the market at the expense of the broker or broker dealer. For this reason, the customers' claims of unauthorized trading and churning should be dismissed in their entirety.

114.

The Claimants' recovery should be barred or reduced because they failed to mitigate their damages.

115.

The Claimants' comparative fault, lack of diligence, and failure to conduct their own affairs reasonably, prudently and responsibly should bar or reduce any recovery for damages.

116.

At all times, the Claimants' accounts were non-discretionary accounts. Accordingly, the duties of the Insureds , if any, are limited to the recommendation of suitable investments based on the information that the Claimants provided. Accordingly, the Insureds did not owe a fiduciary duty to the Claimants.

117.

In the event Claimants did suffer damages, those damages were caused by persons, conditions or events beyond the control of the Insureds.

118.

The Policy imposes on the Insured certain duties of assistance and cooperation.  The Policy provides:

C.    **Assistance and Cooperation of the Insured.**  The **Insured** shall cooperate with the **Company** and upon the **Company's** request shall (1) provide to the **Company** copies of documents and such things held by or available to the **Insured** which relate to any **Claim** or to the **Wrongful Act**, transactions or other events which shall have given rise to such **Claim,** (2) submit to examination and interview by a representative of the **Company,** under oath if required, (3) attend hearings, depositions and trials, (4) assist in effecting settlement, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits and other proceedings, as well as in the giving of a written statement or statements to

the **Company's** representatives and meeting with such representatives and meeting with such representatives for the purpose of investigation and/or defense and (5) render written status reports regarding each **Claim** no less frequently than every three months and otherwise as may be necessary in order to keep the **Company** currently informed as to fees, costs and expenses being incurred in connection with such **Claim** and as to all material developments or anticipated developments in connection with such **Claim,** including but not limited to such subjects as settlement, potentially dispositive motions as to the **Claim** in its entirety or any aspect thereof and the deposition of any **Insured**, all without charge to the **Company.**

The **Insured** shall further cooperate with the **Company** and do whatever is necessary to secure and affect any rights of indemnity, contribution or apportionment which any **Insured** may have. The **Insured** shall exercise the right to either reject or demand the arbitration of any **Claim** made against the **Insured** in accordance with the written instructions of the **Company.** The **Insured** shall not, except at the **Insured's** own cost, make any payment, admit any liability, settle any **Claims**, or assume any obligation, provided, however, the **Insured** shall have the right to make any settlement of any **Claim** covered by the terms of this Policy subject to the condition that the aggregate amount of such settlement and of the **Claim Expenses** incurred in connection with such **Claim** shall not exceed the self-insured retention amount stated in Item 5 of the Declarations.

The Insured has not fully complied with the duties of assistance and cooperation imposed by the Policy. In particular, as of February 9, 2010, the Insured had not fulfilled obligations with respect to funding the amount of defense costs which is within the Retention provisions of the Policy. To the extent the Insured fails to fully comply with the Policy's duties of

assistance and cooperation, Endurance may be entitled to refund or return of all or part of the interpleaded property and coverage may not exist under the Policy.

119.

Endurance does not desire to unfairly favor one person having an interest in the Policy over any other such person. Endurance cannot control the potential unfairness which may result from a race to the remaining Limit of Liability of the Policy.

120.

As a result of the conflicting allegations of the Arbitration Claimants, the Hanks Litigation plaintiffs, Hanks Litigation defendant Buswell, Orgeron and the Arbitration Respondents, Endurance cannot safely determine payments as between the above persons without great hazard to itself.

121.

Unless the defendants to this action are restrained or enjoined from prosecuting suits (other than this one) against Endurance with respect to the Policy, either directly or indirectly, and from any effort to collect from Endurance any judgments rendered or to be rendered in any arbitration or lawsuit relating to the Policy, Endurance will be subjected to multiple litigations, inconsistent judgments, and could be prejudiced and subjected to numerous suits, the outcome of which will not be properly determinative of the manner in which the proceeds of the Policy should be apportioned among the persons having an

interest in the Policy.  This matter therefore falls within the purview of Sections 1335, 1397, and 2361 of Title 28 of the United States Code.

122.

Endurance is moving the Court for leave to pay into the registry of this Court, in connection with this Complaint, the sum of $1 million, the remaining amount of the Limit of Liability of the Policy.

123.

This Court additionally has jurisdiction over this claim for relief pursuant to the Declaratory Judgment provisions of 28 U.S.C. § 1367.   This declaratory judgment action arises under the same set of circumstances giving rise to the competing claim to the Policy of the Arbitration Claimants, the Hanks Litigation plaintiffs, Hanks Litigation defendant Buswell, Orgeron, the Arbitration Respondents, and potentially, other persons or entities who have not yet sued.

124.

Endurance seeks a declaration of its rights and relationships and liabilities with respect to the Policy including a judgment:

(a)     declaring the amount of alleged Damages and Claim Expenses due under the Insuring Agreements of the Policy as well as the identity of the person(s) entitled to receive payment of such Damages and/or Claims Expenses;

(b)     declaring that the Limit of Liability and the remaining Limit of Liability of the Policy;

(c)     directing how the remaining Limit of Liability of the Policy is to be held pending the outcome of the Arbitration;

(d)     declaring that Endurance has no liability for any amount beyond the $1 million Limit of Liability of the Policy;

(e)     declaring that Endurance is entitled to the amount of the Limit of Liability remaining after payment of any and all Damages and Claims Expenses due under the Policy as well as declaring the amount of that remainder.

125.

Absent this Court's resolution of these issues, Endurance will be subject to multiple litigation and/or arbitration and potential liability with respect to its obligations under the Policy.

126.

Endurance does not have an adequate remedy at law.

127.

It is just as equitable that the Court declare rights and legal relationships of the parties.

WHEREFORE, Endurance requests that:

1.     Process be issued and served upon each and every one of the defendants.

2.      Each of the defendants be ordered and commanded to interplead and, after due proceedings, to resolve their respective rights, if any, to the remaining Limit of Liability available under the Policy.

3.      This Court enter an Order enjoining and restraining each and all of the defendants from instituting against Endurance or prosecuting further against Endurance any proceeding, arbitration or lawsuit, other than this one, on account of the Policy and/or the series of transactions or occurrences from which this action and/or the Arbitrations or lawsuit from which this action arises.

4.      On final trial, each of the defendants be perpetually enjoined and restrained from instituting against Endurance or prosecuting further against Endurance any lawsuit, arbitration or proceeding on account of the Policy and/or the series of transactions or occurrences from which the Arbitrations or the lawsuit involved in this action arises.

5.      Endurance be fully and finally discharged, with prejudice, from all further liability by reason of the submission of the deposited funds.

6.      The Court:

(a)     declare the amount of alleged damages and Claim Expenses due under the Insuring Agreements of the Policy as well as the identity of the person(s) entitled to receive payment of such damages and/or Claim Expenses;

(b)     declare the Limit of Liability and the remaining Limit of Liability of the Policy;

(c)    direct how the remaining Limit of Liability of the Policy is to be held pending the outcome of the arbitration;

(d)    declare that Endurance has no liability for any amount beyond the $1 million Limit of Liability of the Policy;

(e)    declare that Endurance is entitled to the amount of the Limit of Liability remaining after payment of any and all damages and Claim Expenses due under the Policy as well as declaring the amount of that remainder.

7.    The Court grant such further relief as may, in its discretion, appear to be proper.

Respectfully submitted,

*/s/ Judy L. Burnthorn*

_____

JUDY L. BURNTHORN (Bar. No. 17496)
MELISSA M. SWABACKER (Bar No. 32710)
DEUTSCH, KERRIGAN & STILES, L.L.P.
755  Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile:  (504) 566-1201
jburnthorn@dkslaw.com
mswabacker@dkslaw.com
Counsel for Endurance American Specialty
Insurance Company