UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ENDURANCE AMERICAN**      **CIVIL ACTION NO. 10-222**
**SPECIALTY INSURANCE**
**COMPANY**

**VERSUS**      **JUDGE MELANÇON**

**RICHARD BUSWELL, ET AL.**      **MAGISTRATE JUDGE HANNA**

*REPORT AND RECOMMENDATION*

Before the undersigned, on referral from the District Judge for a report and recommendation, is a Joint Motion to Reopen Proceedings, Disburse Interpleader Funds, and Dismiss Proceedings. (Rec. Doc. 95). A hearing on the motions was held on June 17, 2011.[1] Participating in the hearing were the following:

| ATTORNEY | PARTY |
|---|---|
| John Minnett | Endurance American Specialty Insurance Co. |
| Thomas Vays, Mark Abramson | Brookstone Securities, Inc. |
| William Shea | Antony Lee Turbeville, David Locy, Denise Zumbrum |

---

[1] The portion of the motion to reopen the proceedings was granted at the hearing and minutes of that hearing are separately filed into the record.

| Joseph C. Peiffer, Jason Burge | Evelyn Hanks, Stephen Hanks, Hanks Plumbing, Inc., Joseph Young, Glenda Young, Stanton Bujard, Melissa Bujard, Succession of Alton Bujard, Personal Communications |
|---|---|
| Joseph C. Peiffer, Jason Burge | Jack Cormier, April Hensgens, Brian Hensgens, Stephani H. James, Timmy Judice, Andre P. Naquin, Peggy C. Naquin, Maurice Naquin, Andree L. Naquin, Nikaliste Naquin, John K. Olivier, Romona Olivier, Eva Dell Provost, John Perry Scott, Brynne Scott, Troy Trahan, Mark Broussard, Melissa Judice |
| Gerald Delaunay | Jeff Gossen, Charlene Gossen |
| Colleen C. Jarrott | Mitchell Broussard, Tiffany Broussard |
| Dawn Morris[2] | Richard K. Orgeron, Cynthia Elwell, Robert Elwell, Arleen Orgeron, David Orgeron, Phillip Orgeron, Floyd Domingue, Nicholas Usie, Albert Chauvin |
|  | Owen Provost (and for his father in law, Jacque Guilbeaux) |
| Cole Griffin | Jeff Elmore, Wayne Elmore, Robert Rhyne, Jr. |

---

[2] Dawn Morris explained in court that she entered appearances for several persons solely to prevent default judgments from being taken against them. However, she intended to withdraw but had not been able to do so because the case was stayed. She explained her knowledge of the litigation was negligible.

There were some named pro se parties to the suit that did not appear at the hearing and did not return their notice of the hearing.³ The remaining named defendants all received notice of the hearing. In addition, several persons were named on the distribution schedule who were not parties to the lawsuit⁴ With the exception of one individual, Curly Hanks, the record reflects that these parties all received notice of the hearing.

### *Background*⁵

Endurance American Specialty Insurance Co. (Endurance) brought this action under 28 U.S.C. §§ 1335, 1367, 1397, and 2361, seeking declaratory relief regarding its

---

³ Those individuals were identified as Kevin Babineaux, Stacey Young, Lydia Kelley, Verna Liner, Morgan Lyons, and Chanelle Olivier. On June 23, counsel for Brookstone advised that Kevin Babineaux and Stacey Young did in fact receive the moving papers. Ms. Kelly worked with the defendant brokerage company and was intentionally omitted from the schedule for payment because of that fact. Chanelle Olivier is the minor child of one of the Cormier Claimants represented by Mr. Peiffer. Morgan Lyons, Verna Liner, and Joshua Ellender have not confirmed receipt of the moving papers; however, the papers were sent to the address of Mr. Ellender and Ms. Liner, both of whom were summoned in the lawsuit itself, and have not been returned. Also, Ms. Young, as well as Messrs. Lyons and Ellender, have signed the settlement documents. Therefore, the undersigned concludes that all named defendants were aware of the suit, the settlement and the hearing.

⁴ Those individuals are identified as Keith Hanks, Curly Hanks, Anthony Plumbar, Philip Kaufman, Ursula Lejeune, Dane Gauthier, Don Glover, and Jacques Guilbeaux. Of these, all signed a settlement agreement except Ursula Lejeune, Dane Gauthier, Don Glover, and Jacques Guilbeaux. All had notice of the hearing except Curly Hanks who has signed a settlement agreement.

⁵ The only background information related to the claims underlying this interpleader action is contained in the Statement of Claims filed in the Arbitration proceedings. *R. 1, Exh. B, D, E.*

rights and obligations under an insurance policy it issued to Brookstone Securities, Inc. (Brookstone). Endurance placed $1 million into the registry of the court representing the limits of the policy proceeds. Endurance alleged that it is the stakeholder with respect to the interpleader aspects of the complaint and also a potential claimant in that its policy proceeds may remain even after satisfaction of amounts due and owing under the policy. (Rec. Doc. 1). The majority of the interpleader defendants (hereinafter collectively referred to as the claimants) are parties who were sold securities by Brookstone and who have claims against the policy.

The underlying action arises from claims brought by certain investors against Brookstone and its representatives, Steve Fouke, Bowman Investment Group, LLC[6] ("Bowman"), Richard Buswell, Antony Lee Turbeville, David William Locy, Denise Julius Zumbrun, and David Myron McCoy (collectively "Brookstone"),[7] for allegedly committing wrongful acts in connection with the sale of investments. The claimants allegedly invested with Brookstone between "Spring 2008 and Spring 2009" following representations made by Bowman representatives in group and private meetings. (Rec. Doc. 1-5). The claimants seek recovery against Endurance within the terms and limits of

---

[6] The claimants allege that Buswell and Fouke did business under the name Bowman Investment Group, LLC, and that they are registered representatives of Brookstone. *R. 1-5, ¶ 5.*

[7] The claimants allege that Turbeville, Locy, and Zumbrun are registered representatives of Brookstone and specifically that Turbeville is "Chairman of the Board" and "Chief Executive Officer," Locy is "president" and "Chief Operating Officer," and Zumbrun is "Chief Compliance Officer." *Id., ¶¶ 8, 11.*

the claims-made policy that Endurance issued to its named insured, Brookstone Securities, Inc., bearing policy number PPL100000499000 ("the Policy"), effective June 22, 2008. Id. at ¶¶ 13, 14. The Policy contains a limit of liability of $1 million for each claim and $2 million for the Policy Period Aggregate. (Rec. Doc. 1, Exhibit A).

The record provides that on or about April 17, 2009, Evelyn W. Hanks, Stephen Hanks, Hanks Plumbing, Inc., and "additional claimants," commenced an arbitration proceeding naming as respondents Brookstone, Buswell, Fouke, Bowman, Turbeville, Locy, and Zumbrun (the "Hanks Arbitration"),[8] by filing a statement of claim with FINRA.[9] (Rec. Doc. 1, Exhibit B). In August 2009, their claim was amended to add Joseph Young, Glenda Young, Stanton Bujard, and Melissa Bujard.[10]

On or about September 21, 2009, Jack Cormier, April Hensgens, Brian Hensgens, Stephani James, Timmy Judice, Andre Naquin and Peggy Naquin, individually and on behalf of their minor child, Maurice J. Naquin, Andree Naquin, Nikaliste Naquin, John Olivier, Sr., Romona Olivier, Eva Dell Provost, John Scott, Brynne Scott, and Troy Trahan, convened a FINRA arbitration naming as Respondents Buswell, Fouke, Bowman

---

[8] The Hanks Arbitration respondents as well as Joseph Young, Glenda Young, Stanton Bujard and Melissa Bujard, filed a Petition For Damages against Buswell and Endurance in the 15th Judicial District Court, Lafayette, Louisiana on October 23, 2009. R. 1, Exh. C.

[9] "FINRA" stands for the Financial Industry Regulatory Agency. FINRA is the successor entity to the National Association of Securities Dealers, Inc. ("NASD"). It was created in July 2007 through the consolidation of the NASD and the member regulation, enforcement, and arbitration functions of the New York Stock Exchange. *Baker Hughes Inc. v. BNY Mellon Capital Markets LLC,* 2010 WL 985826, 1 (S.D. Tex. 2010).

[10] Rec. Doc. 100-1, p 3.

Investment Group, Turbeville, Locy, Zumbrun, and Brookstone (the "Cormier Arbitration").

On September 4, 2009, Mitchell Neil Broussard and Tiffany Romero Broussard commenced a FINRA arbitration against Brookstone, Turbeville, and McCoy (the "Broussard Arbitration"). Id., Exh. E. Their claim was amended to add Buswell on July 14, 2010.[11]

In addition to these proceedings in arbitration, the Hanks claimants and the Gossens filed civil suits in the 15th Judicial District Court for the State of Louisiana.[12]

All of the statements of claims in the arbitration proceedings and the petitions in the lawsuits contain similar allegations and are based upon and/or arise out of or are attributable to the same or related allegedly wrongful acts. In essence, the claimants contend that Buswell, Fouke, Turbeville, Locy, Zumbrun, and /or McCoy are or were Registered Representatives of Brookstone who exerted control over their investment funds to place them entirely in risky stocks and "investments of dubious merit" causing the claimants' funds to lose most if not all of their value.

On February 11, 2010, Endurance filed the instant action for interpleader and deposited $1 million into the registry of the Court as interpleader funds ("the Funds").

---

[11]   Rec. Doc. 100-1, p. 4

[12]   *Evelyn Hanks, et al. vs. Richard Buswell et al.*, 09-6493; *Jeffrey Gossen IRA et al. vs. Richard Buswell et al.*, 2020-7905B; *Jeffrey Gossen, et al., vs Navigators Insurance Co. et al.*, 2010-0836A.

(Rec. Doc. 1). Endurance alleges in its complaint that the Funds represent the limit of available coverage under the Policy to which the claimants claim or may claim entitlement either (1) as claimants in the arbitration and/or state court proceedings based on the liability of the interpleader defendants or (2) as insureds contending that Endurance owes a duty to defend. Claimants dispute that the limit of the Policy is $1 million. It is undisputed, however, that the Policy is a consuming policy in that the amount of coverage includes liability coverage as well as defense costs and expenses.

In March 2010, the law firm of Juneau, David, LLC. sought to intervene and have funds disbursed to pay legal fees of $83,591.31 incurred in the defense of the interpleader defendants.[13] In addition, through the course of settlement negotiations, the undersigned was made aware of other outstanding claims for legal expenses incurred in the defense of some of the interpleader defendants in the amount of approximately $237,000. Endurance also filed a motion for disbursement of funds to pay these legal fees.[14]

The Court administratively terminated this action on May 26, 2010, in light of the pending arbitration proceedings against all parties. (Rec. Doc. 60). Endurance filed a motion to reconsider, for status conference, and/or to remove the $1 million that it deposited in the registry of the court in order to pay defense counsel. (Rec. Doc. 61). The Juneau David law firm also filed a motion to reconsider the administrative

---

[13] Rec. Doc. 10.

[14] Rec. Doc. 13.

termination order and to disburse funds for legal costs. (Rec. Doc. 77). These motions were opposed by claimants and are still pending.

Several status and settlement conferences were held by the undersigned in 2010. (Rec. Docs. 83, 85, 87, 91, 92, 93, 94). As a result of the conferences and negotiations, a settlement model was created that used an equitable allocation of the limited funds to the claimants without any reduction for attorneys' fees incurred in the defense of the interpleader defendants. The model was approved by nearly 100% of the claimants, and the present Joint Motion to Reopen Proceedings, Disburse Interpleader Funds, and Dismiss Proceedings was filed. A Notice of Hearing and Orders (Rec. Doc. 100) was issued, which expressly stated that any person who wished to object to the requested distribution and/or other requested relief must attend the hearing or be barred from subsequent action against Endurance for claims that could have been alleged in this action. The notice was sent, with a copy of the motion and proposed distribution chart, by certified mail return receipt requested, to all pro se parties and the hearing was held on June 17, 2011.

At the hearing, the model for the settlement was recited into the record. In addition, it was made clear that, if the claims were not settled, the million dollar stake could have been depleted, if not exhausted, by attorneys' fees incurred in the defense of

the interpleader defendants, or if they prevailed, by the Hanks and/or Cormier claimants whose claims were the first ones set to be arbitrated.[15]

## *Relief Sought*

The motion was filed by interpleader plaintiff Endurance and the following defendants: Brookstone, Evelyn W. Hanks, Stephen Hanks, Hanks Plumbing, Inc., Joseph Young, Glenda Young, Stanton Bujard, Melissa Bujard, Jack Cormier, April Hensgens, Brian Hensgens, Stephani H. James, Timmy Judice, Andre P. Naquin and Peggy C. Naquin, individually and on behalf of their minor child, Maurice J. Naquin, Andree Naquin, Nikaliste Naquin, John K. Oliver, Sr., Romona B. Oliver, Eva Dell Provost, John Perry Scott, Brynne Scott, Troy Trahan, Jeffrey Gossen, Charlene Gossen, Mitchell Neil Broussard, and Tiffany Romero Broussard. In the motion, the Joint Movants ask the court to issue an Order and Judgment granting the following relief:

(a) Reopening the proceedings.
(b) Directing the Clerk of Court to disburse the interpleader funds in accordance with Schedule A to the Motion and to provide counsel of record for the various Joint Movants with an accounting of the checks that have been distributed and cashed by the recipients. If any checks are not cashed with [sic] 30 days of disbursement, directing the Clerk of the Court to stop payment on such checks and provide counsel for the Joint Movants with notice of the total amount of any such unclaimed funds, at which time any party to this action may petition the Court for the right to receive such unclaimed funds.
(c) Barring and permanently enjoining all named Defendants who have executed a Settlement Agreement or cashed a disbursement check issued by the Clerk of the Court without executing a Settlement Agreement, from commencing, prosecuting, or continuing any and all lawsuits, arbitrations or

---

[15] Transcript pp. 20-25.

         any other actions against Brookstone, including its current and former officers, directors, employees and registered representative, based upon, arising out of, or related to any securities transactions effectuated through, or investment advice received from, any current or former officer, director, employee and registered representative of Brookstone.

(d)   Barring and permanently enjoining all named Defendants, and any person who has, or could have intervened in this Action from commencing, prosecuting, or continuing any and all lawsuits, arbitrations or any other actions against Endurance based upon, arising out of, related to, or any way involving matters or claims that could have been alleged in the interpleader, including but not limited to matters based upon arising out of, or related to (1) the sale or servicing or any investments, including securities, annuities, and accident or disability products, (2) the selection of products approved for sale by Brookstone and its registered representative, employees, officer or directors, (3) advisory services by Brookstone, its employees, its registered representative, its registered investment advisors, its officers and its directors pursuant to the Investment Advisory Act of 1940, (4) any other financial, economic and investments advice, financial planning, provision of computer or internet services, administrative services, and publication of any materials prepared by Brookstone or any other employee or officer, and (5) all claims (whether derived from common law or statute) for "bad faith" insurance practices or breach of the implied covenant of good faith and fair dealing.

(e)   Ordering that upon disbursement of all interpleader funds, this action shall be dismissed, with prejudice.[16]

## *Applicable Law and Discussion*

<u>Subject Matter Jurisdiction</u>

      An interpleader lawsuit may be characterized as a "statutory" interpleader action brought under Title 28 U.S.C. § 1335, or alternatively, as a "rule" interpleader action brought under Fed.R.Civ.P. 22. "An interpleader action typically involves two stages. In

---

[16]   *Joint Motion to Reopen Proceedings, Disburse Interpleader Funds, and Dismiss Proceedings* (Rec. Doc. 100-1), pp. 9, 10.

the first stage, the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund." Rhoades v. Casey, 196 F.3d 592, 600 n. 8 (5th Cir. 1999).  The legislative purpose of an interpleader action is to remedy the problems posed by multiple claimants to a single fund, and to protect a stakeholder from the possibility of multiple claims on a single fund." Id.  If the district court finds that the interpleader action has been properly brought the district court will then make a determination of the respective rights of the claimants." Id.

The Court finds this is a statutory interpleader brought under 28 U.S.C. § 1335(a) which provides in pertinent part:

> The district courts shall have original jurisdiction of any civil action of interpleader . . . filed by any person, firm or corporation . . . having issued . . . a policy of insurance, or other instrument of value or amount of $500 or more . . . if (1) Two or more adverse claimants of diverse citizenship . . . are claiming or may claim to be entitled to . . . the benefits arising by virtue of any . . . policy . . . and if (2) the plaintiff has deposited such money . . . into the registry of the court, there to abide the judgment of the court . . . conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

According to the Complaint, defendant Brookstone is a Florida corporation with its principal place of business in Florida, and defendant Evelyn W. Hanks is a citizen of Louisiana.  There is a single fund at issue, the alleged policy limits deposited in the amount of $1 million, to which there are multiple adverse claimants.  Therefore, the undersigned finds that the court has subject matter jurisdiction and authority under 28

U.S.C. § 1335 to control the interpleaded policy proceeds so that the various claims may be resolved and eliminate the risk to Endurance of multiple claims on the fund.

*Substantive Law and Analysis*

Resolution of the motion requires the application of Louisiana substantive law as Louisiana is the forum state in this diversity-based statutory interpleader case. U.S. v. Jesco Const. Corp, 528 F.3d 372, 374 (5th Cir. 2008), citing Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496 (1941); Erie R.R. v. Tompkins, 304 U.S. 64 (1938).

Louisiana law does not mandate that insureds receive pro rata shares of an insurance policy. See Holzclaw v. Falcon, Inc., 335 So.2d 1279 (La. 1978). At oral argument, counsel for Brookstone explained that if the "Hanks" and "Cormier" claimants would have been successful at arbitration, the $1 million proceeds would ostensibly be eroded, as their claims were approximately $3.4 million. Moreover, if the interventions and motions by counsel for Brookstone and Richard Buswell for legal costs would have been granted, the fund could have been depleted by those amounts, which counsel for Brookstone described as "a good chunk of the $1 million," prior to any payment to claimants.

Inasmuch as an interpleader action is one in equity, the Court was called upon to determine if the settlement was fair and equitable to the claimants. The undersigned finds that to be the case. The process took many, many months and a great deal of effort and negotiation on the part of all concerned. Attorneys' fees were not taken out of the stake.

The allocation of the policy proceeds was based on a model that did take into account the efforts of counsel for the Hanks/Cormier claimants and provided an additional sum to those claimants for that reason. The model took into account market downturns and allocated that discount equally to all the claimants. The remaining funds were then allocated on a pro-rata basis to the claimants based on their investment losses. In short, after paying for the efforts of counsel who did the initial work on behalf of the claimants to get the liability case prepared for arbitration, every claimant was treated the same based on his or her pro-rata apportionment for their investment losses. The undersigned can think of nothing more equitable than allowing a pro-rata allocation where the law arguably did not provide for one.

At the hearing, all counsel were polled to determine if there were any objections to the settlement. There were none. Likewise, there were no objections voiced or otherwise received from any pro se claimant. At the time of the hearing, all but eight of the claimants had signed or indicated their willingness to sign the settlement agreement without objection.[17]

---

[17] See Amended Schedule A made a part of the record. At the hearing, it was represented that Messrs. Wayne Elmore, Jeff Elmore, and Robert Rhyne would sign the settlement. Mr. Broussard was represented by Mr. Peiffer and agreed to the settlement. Of the remainder, Ms. Liner had been served with the lawsuit, the moving papers were sent to her address and not returned and she has done nothing in the case. All of the remaining individuals had notice of the hearing and did not appear or object.

### *Conclusion and Recommendation*

The undersigned finds the settlement to be fair and equitable and recommends that the funds be disbursed to the claimants according to the allocation contained in Schedule A.

The undersigned also recommends that, as the stakeholder, Endurance will have no further interest in this litigation once the stake is disbursed and should therefore be dismissed.  The undersigned further recommends that any claims that could be brought against Endurance as a result of the activities of Brookstone or its agents as set forth in this litigation be enjoined.

Finally, with regard to the relief sought in the joint motion, the undersigned recommends that it be granted in part as set forth below.  Specifically, in lieu of notifying all counsel of record with an accounting, the undersigned recommends that the Clerk of Court notify the undersigned of the status of the disbursed funds thirty days after disbursement at which time an evaluation will be made as to whether any unclaimed funds will likely ever be claimed.  In addition, the Court will retain jurisdiction over the settlement pursuant to Kokkonen v. Guardian Life, 511 U.S. 375 (1994).

For the reasons given, it is recommended that the following be issued as an Order of the Court:

**IT IS ORDERED** that the Clerk of Court disburse the interpleader funds in accordance with Amended Schedule A to the Motion, which is incorporated by reference into this Order, and to provide the Magistrate Judge with an accounting of the checks that have been distributed and cashed by the recipients 30 days after disbursement. After the Court determines that there are any unclaimed funds that are unlikely to ever be claimed, any party to this action may petition the Court for the right to receive such unclaimed funds.

**IT IS FURTHER ORDERED** that all named Defendants who have executed a Settlement Agreement, or cashed a disbursement check issued by the Clerk of the Court without executing a Settlement Agreement, are barred and permanently enjoined from commencing, prosecuting, or continuing any and all lawsuits, arbitrations or any other actions against Brookstone, or any of its current and former officers, directors, employees and registered representative, based upon, arising out of, or related to any securities transactions effectuated through, or investment advice received from, any current or former officer, director, employee and registered representative of Brookstone.

**IT IS FURTHER ORDERED** that all named Defendants, and any person who has, or could have intervened in this Action is barred and permanently enjoined from commencing, prosecuting, or continuing any and all lawsuits, arbitrations or any other actions against Endurance based upon, arising out of, related to, or any way involving matters or claims that could have been alleged in the interpleader.

**IT IS FURTHER ORDERED** that upon disbursement of all interpleader funds, this action shall be dismissed, with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plan error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed this 8th day of August 2011 at Lafayette, LA.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)